IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-02700-PAB-KLM

JP WEALTH MANAGEMENT CORPORATION D/B/A FLICWIC,

    Plaintiff,

v.

ECO MEDICAL RESEARCH, LLC D/B/A/ HEMPLIGHT,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) [Docket No. 11]. Plaintiff responded, Docket No. 13, and defendant replied. Docket No. 15. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## I. BACKGROUND[1]

Plaintiff is the owner of all rights to U.S. Patent No. 9,187,237 (the "'237 patent"). Docket No. 9 at 4, ¶ 12. The '237 patent is a device used to light smoking products with a hemp wick, which allows for a smoother smoking experience for the user. *Id.* at 3, ¶ 8. Defendant's primary products are hemp wick lighters. *Id.* at 5, ¶ 16.

Plaintiff brings three claims against defendant: (1) false advertising in violation of the Lanham Act; (2) unfair competition under Colorado state law; and (3) infringement

---

[1] The following facts are taken from plaintiff's first amended complaint [Docket No. 9] and assumed to be true unless otherwise indicated.

of the '237 patent. *Id.* at 8-10, ¶¶ 37-57. On December 10, 2021, defendant filed a motion to dismiss for improper venue and failure to state a claim. Docket No. 11.

## II. LEGAL STANDARD

In reviewing a motion to dismiss for improper venue pursuant to Rule 12(b)(3), "[a]ll well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits. A district court may examine facts outside the complaint to determine whether its venue is proper." *Hancock v. Am. Tel. & Tel. Co., Inc.*, 701 F.3d 1248, 1260-61 (10th Cir. 2012) (quoting 5B Charles Alan Wright et al., *Federal Practice & Procedure* § 1352 (3d ed. 2015)). "[T]he court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Id.* at 1261 (quotation and citation omitted).

Title 28 U.S.C. § 1400(b) governs venue determinations in patent infringement cases. *See TC Heartland, LLC v. Kraft Foods Grp. Brands, LLC*, 137 S. Ct. 1514, 1519 (2017) ("§1400(b) 'is the sole and exclusive provision controlling venue in patent infringement actions, and . . . is not to be supplemented by . . . § 1391(c).'" (quoting *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 229 (1957)). Section 1400(b) provides that venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

## III. ANALYSIS

Defendant argues that venue is not proper in the District of Colorado because defendant neither resides nor has a regular place of business in this district. Docket

No. 11 at 2-3. Defendant states that the Northern District of Illinois is the "only proper venue for Plaintiff's patent infringement claim." *Id.* at 1. Defendant additionally argues that plaintiff's false advertising and unfair competition claims cannot establish proper venue for a patent claim and fail to state a claim. *Id.* at 3-4. In response, plaintiff consents to transfer of "this action" to the Northern District of Illinois. Docket No. 13 at 1-2. The Court agrees that venue is improper in the District of Colorado and that the Northern District of Illinois is the proper forum for this case under § 1400.

If the Court determines that venue is improper, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). "Dismissal is considered to be a harsh remedy . . . and transfer of venue to another district in which the action could originally have been brought, is the preferred remedy." *Genuine Enabling Tech., LLC v. Nintendo Co.*, 369 F. Supp. 3d 590, 593 (D. Del. 2019) (quoting *Spiniello Cos. v. Moynier*, 2014 WL 7205349, at *5 (D.N.J. Dec. 17, 2014)).

Because venue is proper in the Northern District of Illinois, rather than dismissing it, the Court will transfer the case to the Northern District of Illinois pursuant to § 1406. *See Melinta Therapeutics LLC v. Nexus Pharms., Inc.*, 2021 WL 5150157, at *6 (D.N.J. Nov. 5, 2021) (transferring patent claims rather than dismissing them and transferring closely related non-patent claim in interest of judicial economy); *Best Med. Int'l, Inc. v. Elekta AB*, 2019 WL 3304686, at *4 (D. Del. July 23, 2019) (transferring patent claims rather than dismissing because it is "in the interest of justice" to do so); *Maxchief Invs., Ltd. v. Plastic Dev. Grp., LLC*, 2017 WL 3479504, at *5 (E.D. Tenn. Aug. 14, 2017)

("[O]n balance of the equities and in the interests of justice, the Court finds it more appropriate to transfer this case to the appropriate forum, rather than dismiss it.").

Defendant additionally moves to dismiss plaintiff's false advertising and unfair competition claims for failure to state a claim. However, because the Court will transfer the case, it will decline to consider these arguments.

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion to Dismiss the First Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) [Docket No. 11] is **DENIED**. It is further

**ORDERED** that the Clerk of Court shall transfer this case to the Northern District of Illinois. It is further

**ORDERED** that this case is closed.

DATED April 11, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge